IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DWAYNE WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 11-653-SLR |
| | ) |
| PERRY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of *October*, 2011, having screened the case

pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that: (1) the complaint is dismissed as frivolous and for failure

to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and §

1915A, and plaintiff is given leave to amend; (2) plaintiff's request for counsel is denied

without prejudice to renew; and (3) plaintiff's motion for injunctive relief is denied, for the

reasons that follow:

1. **Background**.  Plaintiff Dwayne Warren ("plaintiff"), an inmate at the James T.

Vaughn Correctional Center, Smyrna, Delaware, who proceeds pro se and has been

granted in forma pauperis status, filed this complaint pursuant to 42 U.S.C. § 1983

alleging deliberate indifference to serious medical needs.[1]  (D.I. 1)

2. **Standard of review**.  This court must dismiss, at the earliest practicable time,

certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has
deprived him of a federal right, and that the person who caused the deprivation acted
under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a

-2-

claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion.** Plaintiff has had a medical problem since 2004 that has continually worsened. His litany of complaints include, but are not limited to, pain, itching, numbness, dizziness, and the inability to exercise as he is accustomed. Plaintiff alleges that defendants "seem to have given up on treatment plans" and he has been told that his complaints are "nothing to worry about." Defendant Dr. Derosier ("Dr. Derosier") told plaintiff that he was doing too much.[3] On one occasion (date unknown) when plaintiff asked defendant Officer Hawn ("Hawn") to get a nurse after plaintiff nearly collapsed, Hawn responded, "if he comes by." In addition, plaintiff was scheduled to see mental health but, after a year, has yet to be seen.

7. Plaintiff alleges that defendant Warden Perry Phelps ("Phelps") changed the chronic care criteria and, as a result, only "a few" inmates are considered chronic care. This discourages other inmates from getting medical assistance because they are "constantly charged for something with no end." Plaintiff alleges that defendants Carl Danberg ("Danberg") and Phelps hired the contract health care providers Correctional Medical Services ("CMS") and Correct Care Solutions ("CCS") knowing of their "records of deliberate indifference and medical negligence."

8. Plaintiff alleges that cold air is being used as a weapon. On January 21 and February 20, 2010, and on February 15 and March 2011, plaintiff and other inmates on his tier were stripped and their cells checked to verify their clothing allotment. At the

---

[3]Plaintiff has filed grievances regarding the issues.

-4-

time there was snow on the ground and the air conditioner fan was on high. The
correctional officers wore coats and hats. Defendant correctional officer Burben
("Burben") made sure the vents were not blocked for warmth. Defendants correctional
officers Hawn and Rodocker ("Rodocker") were present.

9.  Plaintiff filed a grievance and alleges that, as a result, discrimination occurred
when he was denied a change of clothing and denied access to the courts. Plaintiff
seeks injunctive relief, as well as compensatory and punitive damages.

10.  **Pleading deficiencies**. The complaint does not meet the pleading
requirements of *Iqbal* and *Twombly*. A civil rights complaint must state the conduct,
time, place, and persons responsible for the alleged civil rights violations. *Evancho v.
Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*,
621 F.2d 75, 80 (3d Cir. 1980)); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d
Cir. 1978)). It is not clear from the pleadings when most of the alleged violations
occurred, where they occurred, or the involvement (if any) of each defendant in the
alleged violation. Moreover, other than being listed as defendants, Michael Deloy,
Richard Kearney, Jenny Daniels, John Gill, Leanne Dunn, Rhonda Moor, Matthew
Dutton, Nurse Carol, and Nurse Betty are not mentioned in the complaint. Finally, it
appears that Phelps and Danberg are named as defendants based upon their
supervisory positions. It is well established that a § 1983 claim cannot be premised
upon a theory of respondeat superior and that, in order to establish liability for
deprivation of a constitutional right, a party must show personal involvement by each
defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010)

-5-

(not published) (citing *Iqbal*, 129 S.Ct. at 1948-49*)*; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Accordingly, the claims against the foregoing defendants are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

11. **Medical needs.** Plaintiff complains that defendants are not treating him and discounting his complaints. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

12. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical

-6-

malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams,* 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

13. Prison administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.

14. The complaint, as it now stands, fails to provide sufficient facts to apprise defendants of their alleged acts and does not meet the pleading requirements of *Iqbal* and *Twombly*. Moreover, it seems that plaintiff has named Phelps and Danberg as defendants based upon their supervisory positions, despite the allegations that he received medical care. Even when reading the complaint in the most favorable light to plaintiff, he fails to state an actionable constitutional claim against defendants for

-7-

deliberate indifference to a serious medical need. Therefore, the medical needs claim is dismissed for failure to state a claim pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to amend the medical needs claim.

15. **Conditions of confinement**. Plaintiff alleges that, on four separate occasions, cold air was used as a weapon. A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

16. Plaintiff's allegations of cold air on four separate occasions, particularly when correctional officers are conducting cell searches, are not sufficiently serious to state a claim under the Eighth Amendment. *See Burkholder v. Newton*, 116 F. App'x 358, 363 (3d Cir. 2004) (not published) ("It is questionable if having a cold cell . . . is really an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" (citation omitted). Notably, plaintiff does not allege that prison authorities

-8-

acted with deliberate indifference to the cold condition.  Rather, plaintiff states that
Burben checked to make sure the vents were not blocked.  For theses reasons, the
conditions of confinement claim is dismissed as frivolous pursuant to pursuant to 28
U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

17. **Retaliation**.  Plaintiff alleges that he was retaliated against after he
submitted a prison grievance.  "Retaliation for the exercise of constitutionally protected
rights is itself a violation of rights secured by the Constitution actionable under § 1983."
*White v. Napoleon,* 897 F.2d 103, 111-12 (3d Cir. 1990).  It has long been established
that the First Amendment bars retaliation for protected speech.  *See Crawford-El v.
Britton,* 523 U.S. 574, 592 (1998); *Milhouse v. Carlson,* 652 F.2d 371, 373-74 (3d Cir.
1981).  Proof of a retaliation claim requires that plaintiff demonstrate (1) he engaged in
protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the
protected activity was a substantial motivating factor in the state actor's decision to take
adverse action.  *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Mt. Healthy
Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).  While plaintiff alleges retaliation as a
result of submitting a grievance, the complaint does not identify the state actor who
allegedly took the adverse actions.  Therefore, the retaliation claim is dismissed
pursuant to pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).
Plaintiff will be given leave to amend the retaliation claim.

18. **Request for counsel**.  Plaintiff's request for counsel is **denied** without
prejudice to renew.  (D.I. 11)  Plaintiff requests counsel on the grounds that he has
limited knowledge of the law, he has comprehension, physical, and anxiety problems,

the case involves medical issues and will involve cross-examination of medical

professionals, he needs assistance with discovery, and his case has merit. (D.I. 11)

19. A pro se litigant proceeding in forma pauperis has no constitutional or

statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477

(3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the

court's discretion to seek representation by counsel for plaintiff, and this effort is made

only "upon a showing of special circumstances indicating the likelihood of substantial

prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such

assistance to present the facts and legal issues to the court in a complex but arguably

meritorious case." *Smith-Bey v. Petsock,* 741 F.2d 22, 26 (3d Cir. 1984); *accord*

*Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be

appropriate under certain circumstances, after a finding that a plaintiff's claim has

arguable merit in fact and law).

20. After passing this threshold inquiry, the court should consider a number of

factors when assessing a request for counsel, including:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues; (3) the degree
to which factual investigation will be necessary and the ability
of the plaintiff to pursue investigation; (4) the plaintiff's capacity
to retain counsel on his own behalf; (5) the extent to which a
case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*,

294 F.3d 492, 499 (3d Cir. 2002).

21. This case is in its early stages. The original complaint fails to meet the pleading requirements of *Iqbal* and *Twombly*, and no defendants have been served. In addition, to date, plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time.

22. **Letter/motion for injunctive relief**. Plaintiff's letter/motion for injunctive relief is **denied**. (D.I. 12) Plaintiff seeks assistance from the court in obtaining USM-285 forms for service of process "to get this case moving." The motion addresses plaintiff's medical condition and his need for further diagnostic testing. A service order has not been entered at this juncture of the case. Therefore, plaintiff has no need for the USM-285 forms. In addition, it is the court's understanding that, once a service order is entered, plaintiff may obtain the required USM-285 forms from the prison law library.

23. **Conclusion**. For the above reasons, the request for counsel is denied without prejudice to renew and the motion for injunctive relief is denied. (D.I. 11, 12) The complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that plaintiff may be able to articulate a claim against a defendant or name alternative defendants, he will be given an opportunity to amend his pleading **only** as to the medical needs and retaliation claims. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper

where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

24. Plaintiff is given leave to amend the complaint. The amended complaint shall be filed within thirty (30) days from the date of this order. If plaintiff does not file an amended complaint within the time allowed, then the case will be closed.

UNITED STATES DISTRICT JUDGE